UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALEXIS PANTOJA MARTIATO,

      Petitioner,

    v.

                              Case No. 2:26-cv-1902-KCD-KRH

WARDEN, FLORIDA SOFT SIDE
SOUTH DETENTION FACILITY,
US ATTORNEY GENERAL,

      Respondents,

                                   /

## ORDER

Petitioner Alexis Pantoja Martiato is Cuban citizen with a final removal order. He was recently detained by U.S. Immigration and Customs Enforcement ("ICE"). He now seeks a writ of habeas corpus under 28 U.S.C. § 2241. As best the Court can tell from the pro se petition, he argues that his continued detention violates the Fifth Amendment. (Doc. 1.) The Government opposes the petition. (Doc. 7.) For the reasons below, the petition is **DENIED WITHOUT PREJUDICE**.

### I. Legal Framework

The federal habeas statute, 28 U.S.C. § 2241, provides authority to issue writs of habeas corpus when an individual is "[i]n custody in violation of the Constitution or law or treaties of the United States." *Id.* § 2241(c)(3). "At its historical core, the writ of habeas corpus has served as a means of reviewing

the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). "Section 2241 authorizes federal courts to hear challenges to immigration detention." *Grigorian v. Bondi*, No. 25-CV-22914-RAR, 2025 WL 2604573, at *2 (S.D. Fla. Sept. 9, 2025).

## II. Discussion

A noncitizen subject to a final order of removal, like Martiato, has no inherent right to walk free while awaiting deportation. *See* 8 U.S.C. § 1231. "Detention during deportation proceedings" is simply "a constitutionally valid aspect of the deportation process." *Demore v. Kim*, 538 U.S. 510, 523 (2003). But there is a catch. Holding a removable alien indefinitely is also a constitutional non-starter since "the Due Process Clause applies to all persons within the United States." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

To reconcile these points, the Supreme Court in *Zadvydas* capped "an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." *Id.* at 689. And to give lower courts a workable yardstick, the Court drew a line at six months: any post-removal detention lasting six months or less is "presumptively reasonable." *Id.* To have a substantive due process claim in this context, then, "the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there

is no significant likelihood of removal in the reasonably foreseeable future." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002).

Apply that framework here, and Martiato's due process claim immediately runs into a math problem: he has not been detained long enough. ICE grabbed him on February 11, 2026. Because his confinement remains short of the six-month mark, he sits squarely within the presumptively reasonable window. *See Guerra-Castro v. Parra*, No. 1:25-CV- 22487, 2025 WL 1984300, at *4 (S.D. Fla. July 17, 2025) (finding habeas petition "premature" because "Petitioner has not been detained for more than six months"); *see also Jiang v. Mukasey*, No. 208-CV-773-FTM-29DNF, 2009 WL 260378, at *2 (M.D. Fla. Feb. 3, 2009); *Noel v. Glades Cnty. Sheriff*, No. 2:11-CV-698-FTM-29, 2011 WL 6412425, at *2 (M.D. Fla. Dec. 21, 2011).

Because immigration detention is a civil tool rather than a criminal penalty, the constitutional line is generally drawn at punishment. *See Rodriguez-Fernandez v. Wilkinson*, 654 F.2d 1382, 1387 (10th Cir. 1981). By contrast, the Government can lawfully hold a noncitizen to ensure they are present for removal or to keep the public safe. That is simply the machinery of the immigration system doing its job. A substantive due process violation happens only when that machinery breaks down—when the detention loses its reasonable connection to effectuating a removal order and morphs into a penalty. *Cf. Lee v. Stone*, No. 2:11-CV-00014-RWS, 2011 WL 4553147, at *7

3

(N.D. Ga. Aug. 25, 2011). So long as the custody serves a legitimate immigration purpose rather than acting as a punitive measure, it stays on the right side of the Constitution. *See, e.g., United States v. Salerno*, 481 U.S. 739, 747 (1987); *Rodriguez v. Perry*, 747 F. Supp. 3d 911, 917 (E.D. Va. 2024) ("[A]liens . . . have a substantive due process right to be free of arbitrary confinement pending deportation proceedings.").

Although he claims otherwise, Martiato has not shown that his current stint in custody is a punishment masquerading as immigration processing or is otherwise arbitrary. He is subject to a final removal order that stands uncontested. The INA explicitly authorizes a return to detention to effectuate such orders. Under the rules, ICE may revoke a noncitizen's release to effectuate removal. 8 C.F.R. § 241.13(i)(2). And the Government no doubt has a legitimate interest in doing exactly that—enforcing its laws, ensuring individuals do not flee, and protecting the public. *See Malam v. Adducci*, 469 F. Supp. 3d 767, 790 (E.D. Mich. 2020). Here, ICE revoked Martiato's release specifically to enforce his outstanding removal order. Returning him to custody thus serves a recognized, legitimate government objective.

As best the Court can tell, Martiato also presses a procedural due process claim. But it's not entirely clear which process he failed to receive. When the Supreme Court confronted the constitutional perils of indefinite immigration detention in *Zadvydas*, it did not instruct lower courts to start weighing the

process afforded to the detainee. It set a timer. For the first six months, detention is presumptively reasonable. 533 U.S. 678, 701 (2001). So until that timer goes off, *Zadvydas* itself seemingly supplies the constitutional metric. *Martinez v. Larose*, 968 F.3d 555, 566 (6th Cir. 2020). "In other words, the *Zadvydas* standard is due process: a § 1231 detainee who fails the Zadvydas test fails to prove a due process violation." *Castaneda v. Perry*, 95 F.4th 750, 760 (4th Cir. 2024). Because Martiato's detention is barely out of the starting gate, he is not yet entitled to anything more.

Finally, Martiato stresses that "ICE can use less restrictive alternatives to detention." But the governing statute does not require that kind of interest balancing. 8 U.S.C. § 1231. The Government can legally detain Martiato while it attempts to effectuate his removal.

### III. Conclusion

Martiato has not been detained long enough to transform his authorized custody into a due process violation under *Zadvydas*. And his remaining arguments—to the extent they are viable—do not warrant habeas relief. The Government is actively working to execute his removal, and it has cleared the necessary regulatory hurdles to keep him in custody while it does so. Because Martiato has not shown his detention is unlawful, his petition (Doc. 1) must be **DENIED WITHOUT PREJUDICE**. The Clerk is **DIRECTED** to enter judgment accordingly, terminate any pending motions, and close the case.

**ORDERED** in Fort Myers, Florida on July 2, 2026.

Kyle C. Dudek
United States District Judge